**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                           CRIMINAL NO. 09-322 JP

NOE MAJALCA-URIAS,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Defendant Noe Majalca-Urias is charged with reentering the United States, after removal, without authorization in violation of 8 U.S.C. §1326(a) and (b) (Doc. No. 11).  The case is set for a jury trial on September 20, 2010 at 9:00 a.m. (Doc. No. 61).  On August 26, 2010, the Government filed a Motion In Limine To Exclude Evidence of Defendant's State Of Mind (Doc. No. 62), arguing that evidence regarding Majalca-Urias' state of mind when he allegedly reentered the Unites States is irrelevant and should be excluded at trial.  The Government contends that the crime of entering the United States after removal is a general intent crime and that the Government only has to show that Majalca-Urias' entry into or presence in the United States was intentional.

On September 13, 2010, Majalca-Urias filed Defendant's Response to United States' Motion In Limine To Exlude [sic] Evidence of Defendant's State of Mind (Doc. No. 66).  In his Response, Majalca-Urias argues that his "state of mind regarding the circumstances of the alleged re-entry is relevant . . . because the Government must prove that [Majalca-Urias] voluntarily and intentionally" entered the United States.  Without any citation to authority, Majalca-Urias also contends that his mistaken beliefs are relevant to the proceedings.  In

1

addition, Majalca-Urias argues that under Rule 611(a)(1) of the Federal Rules of Evidence, the Government's request for a pretrial order prohibiting testimony is not necessary or appropriate.

**DISCUSSION**

**A. Evidence Of Majalca-Urias' State Of Mind Is Irrelevant And Will Be Excluded**

The statute governing reentry of aliens after removal, 8 U.S.C. § 1326(a), provides that any alien who "has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding" and who thereafter "enters, attempts to enter, or is at any time found in, the United States" shall be fined under Title 18 or imprisoned for not more than two years unless "(A) prior to his reembarkation at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission; or (B) with respect to an alien previously denied admission and removed, unless such alien shall establish that he was not required to obtain such advance consent under this chapter or any prior Act."

The Tenth Circuit Court of Appeals has noted that in order to convict a defendant under §1326(a), the government only has to prove that the defendant "1) is an alien; 2) who was arrested and deported; and 3) who thereafter voluntarily reentered, attempted to reenter, or was found in the United States; 4) without the permission of the Attorney General." *United States v. Martinez-Morel*, 118 F.3d 710, 713 (10th Cir. 1997). As Majalca-Urias acknowledges in his response, the only mens rea that is relevant in a §1326 proceeding is the defendant's "intent to do the act of entering the country." *Id.* at 717. As explained in more detail below, none of the evidence that the Government seeks to exclude relates to Majalca-Urias' intent to do the act of entering the United States and the Government's Motion will therefore be granted.

2

The Government seeks to exclude four types of evidence of Majalca-Urias' mental state: 1) evidence that Majalca-Urias was not aware that it is a crime to reenter the United States; 2) evidence that Majalca-Urias believed he was authorized to reenter the United States; 3) evidence that Majalca-Urias believed he had not been removed from the United States prior to his reentry; and 4) evidence that Majalca-Urias returned to the United States for a reason.  For the following reasons, the Court concludes that all four types of evidence are irrelevant to the elements of the offense and should be excluded.  *See* Fed. R. Evid. 402 (providing that "[e]vidence which is not relevant is not admissible).

The first type of evidence the government seeks to exclude is testimony that Defendant did not know that it was a crime to reenter the country.  (Doc. No. 62, p. 3).  The Tenth Circuit has held that because §1326(a) does not require a showing of specific intent to illegally reenter, "the government need not prove that [a] defendant knew he was not entitled to reenter the United States without the permission of the Attorney General."  *U.S. v. Hernandez*, 693 F.2d 996 (10th Cir. 1982).  Thus, evidence that Majalca-Urias did not know that it was a crime to reenter the country is not relevant to the elements of the offense and will be excluded.

The second and third types of evidence the government seeks to suppress—Majalca-Urias' belief that he was authorized to enter the country and his belief that he had not been removed from the country—constitute inadmissible mistake of fact evidence.  *See United States v. Miranda-Enriquez*, 842 F.2d 1211, 1213 (10th Cir. 1988) (noting that a mistake defense is not permitted in §1326(a) proceedings because criminal intent is not an element of the crime).  The Tenth Circuit has expressly held that evidence that a defendant believed he had not been deported or that he was lawfully present in the United States is irrelevant in a prosecution under §1326(a).  *See Martinez-Morel*, 118 F.3d at 713 (holding that "[s]ince the defendant's belief

about whether he was deported is not of consequence to the determination of the action, the court was correct to exclude it") (quotations omitted); and *Miranda-Enriquez*, 842 F.2d at 1213 (concluding that the trial court correctly excluded defendant's defense that he had a reasonable belief that he was lawfully present in the country).  Because the Tenth Circuit has expressly held that mistake of fact evidence is irrelevant in §1326(a) proceedings, any evidence that Majalca-Urias believed he was authorized to enter the country or that he had not been deported is not relevant and will be excluded.

The fourth type of evidence the government seeks to exclude is evidence that Majalca-Urias returned to the United States for a reason.  Evidence of a defendant's motivation for illegally reentering the country, like evidence that a defendant did not know that he could not enter or that he mistakenly believed that he could enter, is not relevant to the elements of the offense because it relates to the defendant's intent.  Because intent is not an element of the offense Majalca-Urias is charged with, Majalca-Urias' motivation for entering the county has no bearing on whether he has violated §1326(a) and is therefore not relevant to the proceedings. *See U.S. v. Portillo-Alvarez*, 223 Fed.Appx. 821, 824 n.3 (10th Cir. 2007) (unpublished) (noting, in dicta, that "a deported alien who makes an unauthorized entry into this country, is arguably per se, or 'strictly,' liable for such criminal conduct, regardless of the underlying motivation for such illegal entry").  Evidence of Majalca-Urias' motivation for reentering the United States will therefore be excluded.

The Court notes that these rulings do not in any way prevent Majalca-Urias from presenting evidence of his state of mind that *is* relevant to the mens rea requirement of the offense.  For example, evidence that Majalca-Urias unknowingly or mistakenly did the act of entering the United States, unlike evidence that he mistakenly believed that he could enter the

United States, is admissible because the Government is required to prove that Majalca-Urias intended to do the act of entering the United States.

**B.  Rule 611 of the Federal Rules of Evidence Does Not Prohibit A Pretrial Ruling**

Majalca-Urias argues in his Response that the Government's Motion should be denied because, "[g]iven the Court's authority under Rule 611 [of the Federal Rules of Evidence], the request for a pretrial Order prohibiting testimony is not necessary or appropriate." Majalca-Urias does not explain how Rule 611 makes the Government's Motion unnecessary or inappropriate. Rule 611(a) provides that "the court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment." Fed. R. Evid. 611(a). Nothing in Rule 611 prevents the Court from exercising this control by excluding irrelevant testimony in a pre-trial ruling, nor does Rule 611 preclude a party from requesting that the Court exclude testimony prior to trial.  In fact, a pre-trial ruling excluding irrelevant testimony furthers the purpose of the Rule by "avoid[ing] the needless consumption of time" that would result from allowing the admission of irrelevant testimony at trial.  Thus, the Court finds Majalca-Urias' argument that Rule 611 makes a pretrial ruling unnecessary or inappropriate to be without merit.

**IT IS ORDERED THAT**:

The United States' Motion In Limine To Exclude Evidence Of Defendant's State Of Mind (Doc. No. 62) is GRANTED.

_____
UNITED STATES SENIOR DISTRICT JUDGE

5